2003 OCT 27  P 12: 54

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANN OWENS | : | CASE NUMBER |
| Plaintiff, | : | 303-CV-0506 (SRU) |
| | : | |
| v. | : | |
| | : | |
| JAMES B. MERCER, III AND | : | |
| PEPE MOTORS CORP. | : | |
| | : | |
| Defendant | : | OCTOBER 23, 2003 |

## MOTION TO AMEND SCHEDULING ORDER

Pursuant to Rule 7(b) and Rule 26(e) of the Local Rules of Civil Procedure, Plaintiff Ann Owens hereby moves to amend the Scheduling Order dated May 22, 2003 ("the Order") and requests that the scheduled dates be extended for a period of 90 days from the present date and that the Plaintiff be granted an additional 30 days to amend her pleadings.  In support of this Motion, the undersigned counsel represents the following.

    1.    This action was commenced on or about March 21, 2003.

2.    In due course, the parties conducted their Rule 26 conference and submitted a Rule 26 Report to the Court.

3.    On May 28, 2003, the Court entered a Scheduling Order, in which it adopted the parties' Rule 26(f) Report (a copy of which is appended hereto as Exhibit A).

4.    On or about October 23, 2003 the undersigned was retained to represent the Plaintiff.

5.    The undersigned counsel represents that additional time will be required to familiarize himself with the file, investigate the Plaintiff's claims and conduct discovery.

6.    This is the first request to extend any deadlines in this case and the first request to amend the Scheduling Order. No trial date has yet been scheduled and no party will be prejudiced by the granting of this Motion.

7.    Counsel for the Plaintiff has attempted to contact counsel for the Defendant regarding the filing of this Motion, but has not heard back from him regarding his portion.

8.    The Plaintiff has appended a proposed Amended Rule 26(f) Report which it asks the Court to adopt (a copy of which is appended hereto as Exhibit B).

WHEREFORE, the Plaintiff respectfully requests that the Court amend the Scheduling Order as it appears in the annexed proposed Amended Scheduling Order.

THE PLAINTIFF
ANN OWENS

BY:

ROBERT G. GOLGER
Fed Bar No. CT03116
Quatrella & Rizio, LLC
One Post Road
P.O. Box 320019
Fairfield, CT  06825
(203) 255-9928

3

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid on this 23rd day of October, 2003 to all counsel and pro se parties of record as follows:

Brian T. Foley, Esq.
McGovern & Associates
One Lafayette Place
Greenwich, CT  06830

Daniel S. Blinn, Esq.
Consumer Law Group, LLC
P.O. Box 1039
2138 Silas Deane Highway
Rocky Hill, CT  06067-9997

Mr. James B. Mercer, III
380 Ocean Avenue
Stratford, CT  06615-7827

ROBERT G. GOLGER

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

FILED

| | |
|---|---|
| **ANN OWENS,** <br> **Plaintiff** | ) <br> ) <br> ) |
| **v.** | ) <br> ) |
| **JAMES B. MERCER III AND** <br> **PEPE MOTORS CORP.** <br> **Defendants** | ) <br> ) <br> ) <br> ) |

CASE NUMBER:
3:03CV0506(SRU)

26(f) REPORT OF PARTIES'
PLANNING MEETING

MAY ___, 2003

2003 MAY 23 P 12: 17

US DISTRICT COURT
BRIDGEPORT CT

Date Complaint Filed:        March 21, 2003.

Date Complaint Served:        Both defendants were served on March 29, 2003.

Date of Defendants' Appearances:        Brian T. Foley appeared for the defendant, Pepe Motors
Corp. ("Pepe"), on April 10, 2003. The defendant, James B. Mercer III ("Mercer"), has not appeared.

Pursuant to Fed. R. Civ. P 16(b), 26(f) and D. Conn. L. Civ. R. 38, a conference was held on May
19, 2003. The participants were:

Sarah Poriss for the plaintiff Ann Owens.

Brian T. Foley for the defendant, Pepe Motors Corp.

## Certification

Undersigned counsel certify that, after Consultation with their clients, they have
sed the nature and basis of the parties' claims and defenses and any possibilities for achieving a
t settlement or other resolution of the case and in consultation with their clients, have developed the
ing proposed case management plan. Counsel further certify that they have forwarded a copy of
eport to their clients.

**II.        Jurisdiction**

A. Subject Matter Jurisdiction: Jurisdiction in this Court is proper.

B. Personal Jurisdiction: The Plaintiff and Mercer are Connecticut residents; and

Report Approved. Discovery cutoff date December 15, 2003
Dispositive motions due by    January 15, 2004
Status Conference to be held on    MAR 19 64 1st
An order indicating the Conference time will separately issue.
SO ORDERED
5/28/03

Stefan R. Underhill, U.S.D.J.

2003 MAY 28 ...

MAY 2 9 200

Defendant Pepe Motors concedes jurisdiction.

**III.    Brief Description of Case**

A.  Claims of Plaintiff:  Plaintiff claims violations of the Odometer Act, in that Defendant Mercer prevented her from discovering the history of the vehicle by not showing her the title and substituting a new title certificate for the previous owner's; Breach of Warranty in that Mercer made false express warranties about the vehicle; Magnuson-Moss Warranty Act, in that Pepe Motors failed to comply with its obligations under the express warranty and the implied warranty of merchantability; fraud, in that Mercer made the false statements about the Vehicle's history in order to induce Plaintiff to purchase the Vehicle; and New York General Business Law § 349, in that Mercer's and Pepe's acts constitute unfair and deceptive practices for which they are liable to Plaintiff for her damages.

B.  Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant:  Cross claims by Pepe Motors against Mercer on various legal theories stemming, *inter alia*, from Mercer's unauthorized actions regarding the transactions which were unknown to Pepe Motors.

C.  Defenses and Claims of Third Party Defendant/s:  Not applicable.

**IV.    Statement of Undisputed Facts:**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that at this time, they are unable to stipulate to any material facts that are not in dispute.

**V.    Case Management Plan:**

2

A.    Standing Order on Scheduling in Civil Cases

Not applicable.

B.    Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The parties prefer a conference by telephone.

C.    Early Settlement Conference

1.   The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice Settlement may be enhanced by use of the following procedure:  an early settlement conference.

2.   The parties request an early settlement conference.

3.   The parties prefer a settlement conference with a magistrate judge.

4.   The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D.    Joinder of Parties and Amendment of Pleadings

1.   Plaintiff should be allowed until June 15, 2003 to file motions to join additional parties and until July 1, 2003 to file motions to amend the pleadings.

2.   Defendant(s) should be allowed until July 15, 2003 to file motions to join additional parties and until August 1, 2003 to file a response to the complaint, if not done so already.

E.   Discovery

1.   The parties anticipate that discovery will be needed on the following subjects: any and all documentation relating to the Vehicle and the facts surrounding the subject transaction.

2.  All discovery, including depositions of expert witnesses pursuant to Fed R. Civ. P. 26(b)(4), will be commenced by August 15, 2003 and completed (not propounded) by December 15, 2003.

3.  Discovery will not be conducted in phases.

4.  The parties anticipate that the plaintiff will require a total of 3 depositions of fact witnesses and that Pepe Motors will require a total of 4 depositions of fact witnesses. The depositions will commence by August 15, 2003 and be completed by November 15, 2003.

5.  The parties reserve the right to request permission to serve more than 25 interrogatories.

6.  Plaintiff does not intend to call expert witnesses at trial. Plaintiff will designate all trial experts, if any, and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 1, 2003.  Depositions of any such experts will be completed by November 15, 2003.

7.  Defendant intends to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 1, 2003.  Depositions of such experts will be completed by November 15, 2003.

8.  A damages analysis will be provided by any party who has a claim or counterclaim for damages by November 1, 2003.

F.  Dispositive Motions

Dispositive motions will be filed on or before January 15, 2003.

G.  Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases

will be filed by February 1, 2004.

**TRIAL READINESS**

The case will be ready for trial by thirty (30) days from submission of the joint trial

memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the

Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF, Ann Owens

By: _____     Date: _____
Daniel S. Blinn,  ct02188
dblinn@consumerlawgroup.com
Sarah Poriss,  ct24372
sporiss@consumerlawgroup.com
Consumer Law Group, LLC
P. O. Box 1039  2138 Silas Deane Highway
Rocky Hill, Connecticut 06067-9997
Tel. (860) 571-0408  Fax (860) 571-7457

DEFENDANT, Pepe Motors, Corp.

By: _Brian T. Foley (GDB)___     Date: _5-22-03____
Brian T. Foley,  ct 06432
McGovern & Associates
One Lafayette Place
Greenwich, CT 06830
Tel (203) 622-1101
Fax (203) 622-9192

### G. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by February 1, 2004.

**TRIAL READINESS**

The case will be ready for trial by thirty (30) days from submission of the joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF, Ann Owens

By: _____    Date: 5-22-03
Daniel S. Blinn,  ct02188
dblinn@consumerlawgroup.com
Sarah Poriss,  ct24372
sporiss@consumerlawgroup.com
Consumer Law Group, LLC
P. O. Box 1039  2138 Silas Deane Highway
Rocky Hill, Connecticut 06067-9997
Tel. (860) 571-0408  Fax (860) 571-7457

DEFENDANT, Pepe Motors, Corp.

By: _____    Date: _____
Brian T. Foley,  ct 06432
McGovern & Associates
One Lafayette Place
Greenwich, CT 06830
Tel (203) 622-1101
Fax (203) 622-9192

G.  Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases

will be filed by February 1, 2004.

**TRIAL READINESS**

The case will be ready for trial by thirty (30) days from submission of the joint trial

memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the

Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF, Ann Owens

By: _____   Date: _____

Daniel S. Blinn,  ct02188
dblinn@consumerlawgroup.com
Sarah Poriss,  ct24372
sporiss@consumerlawgroup.com
Consumer Law Group, LLC
P. O. Box 1039   2138 Silas Deane Highway
Rocky Hill, Connecticut 06067-9997
Tel. (860) 571-0408  Fax (860) 571-7457

DEFENDANT, Pepe Motors, Corp.

By: _Brian T. Foley (GDB)_   Date: _5-22-03_

Brian T. Foley,  ct 06432
McGovern & Associates
One Lafayette Place
Greenwich, CT 06830
Tel (203) 622-1101
Fax (203) 622-9192

5

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing 26(f) Report of Parties' Planning Meeting was mailed, via first-class mail, postage prepaid, this 22nd day of May, 2003, to the following:

Brian T. Foley, Esquire
McGovern & Associates
One Lafayette Place
Greenwich, CT 06830

James T. Mercer, III
1000 N US Highway 1 Apt 723
Jupiter, FL 33477

_____
Sarah Poriss

6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ANN OWENS | : | CASE NUMBER |
| | : | 303-CV-0506 (SRU) |
| Plaintiff, | : | |
| | : | |
| v. | : | 26(f) REPORT OF PARTIES' |
| | : | PLANNING MEETING |
| JAMES B. MERCER, III AND | : | |
| PEPE MOTORS CORP. | : | |
| | : | |
| Defendant | : | OCTOBER 23, 2003 |

## PROPOSED AMENDED RULE 26(f) REPORT

Date Complaint Filed:     March 21, 2003

Date Complaint Served:     Both Defendants were served on March 29, 2003.

Date of Plaintiff's Appearance:     Robert G. Golger appeared for Ann Owens on October 23, 2003.

Date of Defendants' Appearances:     Brian T. Foley appeared for the Defendant, Pepe Motors Corp. ("Pepe"), on April 10, 2003. The Defendant, James B. Mercer, III ("Mercer"), has not appeared.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, a conference was held on May 19, 2003. The participants were:

Sarah Poriss for the Plaintiff Ann Owens.

Brian T. Foley for the Defendant, Pepe Motors Corp.

## I.    Certification

Undersigned counsel certify that, after Consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of their report to their clients.

## II.    Jurisdiction

A.    Subject Matter Jurisdiction:  Jurisdiction in this Court is proper.

B.    Personal Jurisdiction:  The Plaintiff and Mercer are Connecticut residents; and Defendant Pepe Motors concedes jurisdiction.

## III.    Brief Description of Case

A.    Claims of Plaintiff:  Plaintiff claims violations of the Odometer Act, in that Defendant Mercer prevented her from discovering the history of

2

the vehicle by not showing her the title and substituting a new title certificate for the previous owner's: Breach of Warranty in that Mercer made false express warranties about the vehicle; Magnuson-Moss Warranty Act, in that Pepe Motors failed to comply with its obligations under the express warranty and the implied warranty of merchantability; fraud in that Mercer made the false statements about the Vehicle's history in order to induce Plaintiff to purchase the Vehicle; and New York General Business Law § 349, in that Mercer's and Pepe's acts constitute unfair and deceptive practices for which they are liable to Plaintiff for her damages.

B.    Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant:  Cross claims by Pepe Motors against Mercer on various legal theories stemming, *inter alia*, from Mercer's unauthorized actions regarding the transactions which were unknown to Pepe Motors.

C.    Defenses and Claims of Third Party Defendant(s):    Not applicable.

3

IV.    **Statement of Undisputed Facts:**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that at this time, they are unable to stipulate to any material facts that are not in dispute.

V.    **Case Management Plan:**

A.    Standing Order of Scheduling in Civil Cases

Not applicable.

B.    Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a Scheduling Order pursuant to Fed. R. Civ. P. 16(b). The parties prefer a conference by telephone.

C.    Early Settlement Conference

1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice Settlement may be enhanced by use of the following procedure: an early settlement conference.

2.    The parties request any early settlement conference.

4

3.    The parties prefer a settlement conference with a magistrate judge.

4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D.    Joinder of Parties and Amendment of Pleadings

1.    Plaintiff should be allowed until June 15, 2003 to file motions to join additional parties and until December 1, 2003 to file motions to amend the pleadings.

2.    Defendant(s) should be allowed until July 15, 2003 to file motions to join additional parties and until January 1, 2004 to file a response to the complaint, if not done so already.

E.    Discovery

1.    The parties anticipate that discovery will be needed on the following subjects: any and all documentation relating to Vehicle and the facts surrounding the subject transaction.

2.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by November 15, 2003 and completed (not propounded) by March 15, 2004.

5

3.    Discovery will not be conducted in phases.

4.    The parties anticipate that the Plaintiff will require a total of 3 depositions of fact witnesses and that Pepe Motors will require a total of 4 depositions of fact witnesses.    The depositions will commence by November 15, 2003 and be completed by March 15, 2004.

5.    The parties reserve the right to request permission to serve more than 25 interrogatories.

6.    Plaintiff intends to call expert witnesses at trial.  Plaintiff will designate all trial experts, if any, and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 1, 2003.  Depositions of any such experts will be completed by March 3, 2004.

7.    Defendant intends to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 15, 2003. Depositions of such experts will be completed by March 15, 2004.

8.     A damages analysis will be provided by any party who has a claim or counterclaim for damages by March 15, 2004.

F.     <u>Dispositive Motions</u>

Dispositive motions will be filed on or before May 15, 2004.

G.     <u>Joint Trial Memorandum</u>

The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by May 1, 2004.

**TRIAL READINESS**

The case will be ready for trial by thirty (30) days from submission of the joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote a just, speedy and inexpensive determination of this action.

THE PLAINTIFF, ANN OWENS

BY:_____    DATE:___10·2 3·ʋ]___
ROBERT G. GOLGER
Fed Bar No. CT03116
Quatrella & Rizio, LLC
One Post Road
P.O. Box 320019
Fairfield, CT  06825
(203) 255-9928

THE DEFENDANT, PEPE MOTORS CORP.

BY:_____
Brian T. Foley, Esq., ct06432
McGovern & Associates
One Lafayette Place
Greenwich, CT  06830