UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC -4  P 12: 35

US DISTRICT
 [illegible]

------------------------------------------------x
ANN OWENS                                 :
                                          :
            Plaintiff,                    :
                                          :    Case No.: 303CV0506 SRU
    v.                                    :
                                          :
JAMES B. MERCER III and                   :
PEPE MOTORS CORP.                         :
                                          :
            Defendants.                   :
------------------------------------------------x    December 3, 2003


**DEFENDANT PEPE MOTORS CORP. 'S
OPPOSITION TO PLAINTIFF'S REQUEST
FOR LEAVE TO AMEND COMPLAINT**

**Introduction**

Defendant Pepe Motors Corp. (hereinafter "PMC") respectfully opposes the Plaintiff's Request for Leave to Amend the Complaint. The deadline for requesting leave to amend the pleadings expired on July 1, 2003.[1]

PMC opposes this request on the grounds that: (1) there is no good cause for extending the scheduling order deadline to allow the Plaintiff to amend the complaint; (2) the cause of action defendant seeks to add, based on a theory of negligent hiring and/or supervision of Defendant Mercer to hold Defendant PMC vicariously liable for the actions of Mercer, is meritless and allowing the

---

[1] Plaintiff moved to extend the deadlines in the Scheduling Order. PMC opposed the motion, in part, to the extent Plaintiff sought to extend deadlines that already had expired at the time of the Motion.

amendment would prove futile; and (3) the Defendant PMC would suffer undue prejudice if the amendment is allowed.

**Statement of Relevant Facts**

The case involves the purchase of a 1990 Mercedes Benz 560 SEL (hereinafter the "Vehicle") by the Plaintiff. Plaintiff bought the Vehicle directly from Mercer who was employed by PMC at the time of the sale. The Vehicle was sold directly by Mercer to the Plaintiff; therefore, Mercer was not acting in his capacity as sales manager and/or as a sales agent of PMC. PMC filed a cross-complaint against Mercer and default judgments were entered by the Court against Mercer and in favor of the Plaintiff and PMC respectively. PMC undertook its litigation strategy based on the original complaint and was unaware of any attempt by Plaintiff to claim negligent supervision or hiring as a theory of recovery.

The Plaintiff has submitted an untimely Request for Leave To Amend the Complaint and has offered no good cause to justify the amendment at this late date.

**ARGUMENT**

1.  **There is No Good Cause for the Court to Grant the Plaintiff's Request for Leave To Amend the Complaint.**

On May 23, 2003, a Report of Parties' Planning Meeting was filed wherein the Plaintiff agreed it would be given until July 1, 2003 to file motions to amend the pleadings. The deadline has long since passed and the Plaintiff did not

request an extension until recently. Moreover, contrary to the assertions in the request for leave, there is no showing that, prior to the July 1, 2003 deadline, the Plaintiff *was unaware* of the facts purportedly giving rise to the request to amend the Complaint. Indeed, the facts show Plaintiff was aware of the facts it claims it only recently discovered.

As a result of a letter dated October 24, 2002 from PMC to the Plaintiff's husband, Plaintiff was informed that Defendant Mercer was no longer employed with PMC and that his termination date was March 7, 2002. See Exhibit A hereto.

Moreover, the Plaintiff was aware and on notice of Mercer's felony conviction **before** the expiration of the deadline to request leave to amend the pleadings. The Plaintiff's previous attorney, Daniel Blinn, faxed to the undersigned counsel on June 26, 2003 a copy of Mercer's felony conviction. See Exhibit B hereto. Thus, the Plaintiff was aware of Mercer's criminal record at least as of June 2003, and likely earlier than June 2003. The Plaintiff had ample time to request leave to amend the pleadings prior to the expiration of the July 1, 2003 deadline and it chose not to do so. Therefore, there is no basis to ignore the scheduling order and allow the amendment on "recently discovered" facts.

2. **The Cause of Action of Negligent Hiring and/or Supervision Holding Defendant Pepe Motors Vicariously Liable for the Actions of Defendant James B. Mercer III is Futile.**

Fed. R. Civ. P. 15(a) states that leave to amend "shall be freely given when justice so requires; however, the Court has discretion to grant or deny such a request, particularly where the amendment would be futile. The Plaintiff was

well aware that she was purchasing the Vehicle from Mercer and not from PMC as evidenced by the fact that the Plaintiff's husband paid by check made payable **directly** to the Defendant James B. Mercer III and not to PMC. A copy of this check, that was admitted into evidence by Plaintiff as Exhibit 1 at the May 27, 2003 hearing on the prejudgment remedy application, is annexed hereto as Exhibit C.

In order to prove a cause of action for the negligent hiring of an employee, the Plaintiff must prove "that she was injured by the defendant's own negligence in failing to select as its contractor a person who was fit and competent to perform the job in question." *Surowiec v. Security Forces, Inc.*, No. CV 95 0547875, 1995 Conn. Super LEXIS 1587, 1995 WL 328362. In addition, the resulting injuries must be caused by the employee's poor or incompetent performance of the work. For the employer to owe a duty of care to a plaintiff, the employer "knows or has reason to know that the employee has a propensity to engage in tortious conduct." *Karanda v. Pratt Y Whitney Aircraft,* No. CV 98582025S, 1999 Conn. Super. LEXIS 1244, 1999 WL 329703. There has been no showing that PMC knew or had reason to know that Mercer had a propensity for engaging "tortious conduct" and, as with all of its other theories of recovery, there is no explanation why Plaintiff was unable to plead this theory prior to the expiration of the July 1, 2003 deadline to amend the pleadings – particularly since the Plaintiff was aware of all of the facts prior to the July 1, 2003 deadline. More importantly, Plaintiff's own actions in purchasing the Vehicle directly from Mercer is the cause of any injury to the Plaintiff. Thus, there

is no sound basis for allowing a late amendment to add a futile cause of action to the case.

### 3. Pepe Motors Would Suffer Undue Prejudice if the Amendment is Allowed.

The court should deny a Plaintiff's request to amend the complaint if undue prejudice to the opposing party is found. See *Messier v. Southbury Training School*, No. 3:94-CV-1706, 1999 U.S. Dist. LEXIS 6992; *Marine Midland Bank v. Keplinger & Assocs., Inc.*, 94 F.R.D. 101 (S.D.N.Y. 1982). At this stage of the lawsuit, prejudice will result to PMC because PMC has shaped the case and its litigation strategy on the legal theories originally alleged. Granting the amendment would essentially "restart" the lawsuit, force PMC to undertake additional case preparation and discovery and cause PMC to incur additional costs as a result of prolonging of the lawsuit.

### CONCLUSION

For all of the foregoing reasons, Pepe Motors respectfully submits Plaintiff's Request for Leave to Amend Complaint should be denied.

Respectfully submitted,

Brian T. Foley (U.S.D.C. Bar No. ct06436)
McGOVERN & ASSOCIATES
One Lafayette Place
Greenwich, CT 06830
Tel. (203) 622-1101

Attorneys for Defendant
Pepé Motors Corp.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant's Opposition to Plaintiff's Request for Leave To Amend Complaint was served via U.S. Mail, postage prepaid on counsel of record this 3rd day of December, 2003:

Counsel for Plaintiff
Robert G. Golger, Esq.
Quatrella & Rizio, LLC
One Post Road
P.O. Box 320019
Fairfield, CT 06825

_____
Brian T. Foley

# Mercedes-Benz

Mercedes-Benz of White Plains

October 24, 2002

Mr. Howard T. Owens, Jr.
488 Brooklawn Avenue
Bridgeport, Ct. 06604
Re: Response to enclosed copy of letter-dated 10.2.02

Dear Mr. Owens;

In response to your letters dated May 08, 2002 and again on October 02, 2002, I have attempted to resolve this situation over the phone twice and have been unable to contact you personally. I apologize that Martin Hall was unable to help you understand your situation so I thought this letter may put closure to your questions and concerns.

You did purchase a car from Mercedes-Benz of White Plains in November of 2000. See enclosed actual printed Bill of Sale. This vehicle was a **1994 C280**. You purchased *this vehicle for $19,500.00*.
Our records truly indicate that the **560SEL** with vehicle identification number WDBCA39E3LA507983 was purchased solely by James Mercer. Enclosed please review the printed Bill of Sale and additional exhibits. May I also state that the mileage on your vehicle was confirmed clean by Carfax and the customer who had previously traded this vehicle in to our dealership acknowledged the true mileage of 63034 on June 22, 2000. We sold the vehicle on August 10, 2000 to James Mercer with mileage of 63231. Your copy of your purchase agreement states you purchased *this vehicle for $16,100.00*. You must be confusing the two vehicles as to what you had paid. Mr. Mercer must have the check or the cash you had given him for the 560SEL. I hope he did not endorse the back of a check made out to Mercedes-Benz of White Plains. I would like to receive information from you regarding this transaction so that I too can proceed with my questions.

If in fact, James Mercer had decided to sell that vehicle directly to you from him personally, he made some very unethical and illegal attempts to misrepresent the seller as being Mercedes-Benz of White Plains. The documentation you enclosed were stolen forms hand written by James Mercer. Mr. Mercer was terminated from his position with Mercedes-Benz of White Plains on March 7, 2002. I suggest that you personally contact Mr. Mercer for answers to your questions regarding the vehicle he delivered to you.

Should you further like to discuss this matter, please call me at your convenience.

Sincerely,

Joe Pepe
President

50 Bank Street
White Plains, NY 10606

Telephone: (914) 949-4000
Fax: (914) 949-4024

www.mbwhiteplains.com



JUN-26-2003 16:24  CONSUMER LAW GROUP          8605717457    P.01/03
Case 3:03-cv-00506-SRU   Document 40   Filed 12/04/2003   Page 9 of 13

Exhibit E

TO:         Brian T. Foley, Esq.

FAX:        203-622-9192

FROM:       Adeline Machado
            Tel. 860-571-0408, Ext. 103
            email: amachado@consumerlawgroup.com

Re:         *Ann Owens vs. James Mercer III and Pepe Motors Corp.*
            3:03-CV-0506 (SRU)

DATE:       June 26, 2003


Per attorney Daniel Blinn's instructions, attached is a copy of James Mercer's arrest records.



CONSUMER LAW GROUP llc

*The information contained in this facsimile cover sheet and any attached document(s) is intended only for the personal and confidential use of the designated recipients named above. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient or any agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.*

*number of pages [including cover sheet] __3____*

P.O. Box 1039
2138 Silas Deane Highway
Rocky Hill, CT 06067-9997

tel. 860 ■ 571 ■ 0408
fax 860 ■ 571 ■ 7457

# TRIAL/PLEA/SENTENCE

**COMMONWEALTH OF PENNSYLVANIA**

VS

James B. Mercer

**CHARGES & BILL(S) OF INFORMATION**

460-92 Theft by deception
1. Theft by failure to make required dis.
   of funds.
2. T.R.S.P.

|  | TRIAL | OPEN GUILTY PLEA | SENTENCE |
|---|---|---|---|
| DATE |  | 8-7-92 |  |
| JUDGE |  | S. Selus |  |
| COURT ROOM |  | 6 |  |
| COMMONWEALTH'S ATTORNEY |  | Irene Mc Lafferty |  |
| DEFENDANT'S ATTORNEY |  | pro se |  |
| COURT REPORTER |  | Mary Morello |  |
| COURT CLERK |  | J. M. Weber |  |

AND NOW  8-7-92

☑ The Court finds that the defendant has knowingly, intelligently and voluntarily entered a plea of guilty with reference to the following Bills of Information and the Court accepts the guilty plea  460-92  theft by deception F

☑ Court accepts the terms of the plea agreement and sentence will be imposed in accordance with it.

☑ The motion of the District Attorney to nol pros the following Bill(s) of Information is granted:  1, 2

_____ Costs on ☑ Defendant    ☐ County.

☐ The Court sustains a demurrer as to Bill(s) of Information: _____

☐ The Court overrules a demurrer as to Bill(s) of Information: _____

☐ After trial, the Jury/Court finds the defendant:

   Guilty of the following Bill(s) of Information _____

   Not guilty of the following Bill(s) of Information _____

☐ Jury Sworn: _____    Jury Returns: _____    Trial Days: _____

☑ The Court directs that (no) ☑ Presentence Investigation and Report be made in this case. Reasons appear of record.
   ☐ PPI evaluation.

☐ Sentence deferred; defendant remanded without bail, released on same bail, remanded pending posting of bail in the increased amount of $ _____, pending sentencing.

- Special conditions: _____

☐ Defendant's PA driver's license    ☐ attached    ☐ to be surrendered by _____
                                     ☐ Penndot    ☐ no valid license.

# SENTENCE

AND NOW, __Aug. 7, 1992__,

Bill of Info. No.

☐ Defendant is sentenced to undergo imprisonment for not less than _____ years nor more than _____ year in such State correctional institution as shall be designated by the Deputy Commissioner for Programs, Dept. of Corrections, and sent to the Correctional Diagnostic and Classification Center at GRATERFORD for this purpose.
Commitment to date from _____.

☐ Defendant is sentenced to undergo imprisonment for not less than _____ years nor more than _____ years in the State Correctional Institution at MUNCY.
Commitment to date from _____.

☐ Defendant is sentenced to undergo imprisonment for not less than _____ months nor more than _____ months in the MONTGOMERY COUNTY CORRECTIONAL FACILITY.
Commitment to date from _____.
  ☐ Eligible for work release.   ☐ Litter pick up.

460-92
to Aug. 10

☑ Defendant is ordered on PROBATION for a period of __3 yr__ in the custody of the Montgomery County Adult Probation/Parole Dept./PA Board of Probation and Parole. Defendant shall pay the costs of prosecution and $ __300__ for use of the County during the first __12__ months of probation in monthly installments as directed.

☐ Credit for time served from _____.

☐ Defendant is sentenced to pay the costs of prosecution and a FINE of $ _____ during the first _____ months of parole in monthly installments as directed.

☐ Determination of guilt without further penalty.

☐ Bills merge for sentencing purpose.

☐ This sentence is concurrent with/consecutive to all sentences previously imposed for any other offenses.

## CONCURRENT SENTENCE

Information No. _____

AND NOW, _____
the same type of sentence is imposed as on Information
# _____ (including-excluding fine) for a period of
_____ and to run concurrently therewith.

## CONSECUTIVE SENTENCE

Information No. _____

AND NOW, _____
the same type of sentence is imposed as on Information
# _____ (including-excluding fine) for a period of
_____ and to run consecutively thereto

## SPECIAL CONDITIONS OF PROBATION/PAROLE

Bill(s) of Information No. __460-92__

☑ The following special conditions of probation/parole are also imposed:
☑ Defendant pay restitution in the amount of $ __6500__ to __Gerald Killick__  186 Pine Tree Rd  Kg Pa. 19406
during the first _____ months of probation/parole in monthly installments as directed.

☐ PH evaluation   ☐ CRN evaluation and treatment — must comply with recommendations that are set forth.   ☐ Safe driving school — must enter and complete program successfully.

☐ Defendant shall enter and successfully complete such drug and alcohol treatment program as is directed by the Montgomery County Adult Probation and Parole Department.

☑ Defendant shall comply with any special conditions of probation/parole imposed by the Montgomery County Adult Probation and Parole Department/PA Board of Probation and Parole.

__Def. to serve 50 hrs. of Community Service__

This defendant is ordered to pay the $25.00 per month Offender Supervision Fee in accordance with Act 35 of 1991.

☐ Offender Supervision Fee waived.

True and correct Copy
Certified from the record
This __6__ Day of __May__ A.D. 20__03__



COPY

