**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ANN OWENS | : | CASE NUMBER |
| | : | 303-CV-0506 (SRU) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES B. MERCER, III AND | : | |
| PEPE MOTORS CORP. | : | |
| | : | |
| Defendant | : | DECEMBER 5, 2003 |

**PLAINTIFF ANN OWEN'S RESPONSE TO DEFENDANT PEPE MOTOR'S OBJECTION FOR REQUEST FOR LEAVE TO AMEND COMPLAINT**

On November 10, 2003 Plaintiff, Ann Owens filed a Request for Leave to Amend her complaint against Defendant Pepe Motors Corp (Pepe) by adding allegations of vicarious liability and negligent hiring. The Plaintiff's proposed Amended Complaint seeks to hold Defendant Pepe legally responsible for the actions of its Sales Manager, Defendant James B. Mercer, III, (Mercer), for damages suffered by the Plaintiff when she purchased a 1990 Mercedes Benz automobile from Mercer while she believed he was acting on behalf of Pepe.

On May 22, 2003 the parties to this action submitted their proposed Scheduling Order, and on May 26, 2003 it was accepted by the Court. Subsequent to the time the Scheduling Order was submitted to the Court, a default judgment was entered against Defendant Mercer for failing to appear. Defendant Mercer has left the jurisdiction and appears to be without assets. This was not known to the Plaintiff at the time the original Scheduling Order was submitted to the Court. Thereafter, the Plaintiff began to conduct an investigation into the facts concerning Defendant Mercer's conduct and relationship with Defendant Pepe. Subsequent to the entry of the first Scheduling Order in this case, and far in excess of the time allowed for amending the pleadings, the Plaintiff discovered that Defendant Mercer had a felony conviction for conduct that occurred in the course of selling an automobile. Information on this conviction continues to be discovered as the Plaintiff just received copies of the underlying police reports in support of Defendant Mercer's arrest. Based upon recently discovered facts and a review of the existing causes of action by new counsel, it becomes apparent that an amendment to the existing complaint was warranted. Defendant Pepe opposes the proposed amendment and claims the Court should not allow it because (1) good cause does not exist; and (2) the proposed amendment sets forth meritless claims, the pursuit

of which "would provide futile." Ironically, the Defendant claims that it would be prejudiced by the Court allowing the Plaintiff to proceed with her Amended Complaint, which sets forth meritless and futile claims. The Plaintiff obviously disagrees with the Defendant's assessment of her claims and it is submitted that their merit is the true reason behind the Defendant's protest.

In its Memorandum of Opposition to the Plaintiff's Request for Leave to Amend, the Defendant sets forth its factual disputes with the Plaintiff's proposed amended causes of action. It argues that there is no proof that the Defendant knew of Defendant Mercer's propensity for engaging in tortuous conduct. The Defendant conveniently omits the fact that issues of proof such as these are final determinations for the finder of facts and that the Plaintiff has propounded extensive Interrogatories and Requests for Admissions upon the Defendant in an effort to build her case. These discovery requests have yet to be complied with.

Nevertheless, the Plaintiff is confident that she will be able to prove her new claims. For instance, Defendant Mercer was at all times relevant hereto the Sales Manager of Defendant Pepe. He sold not one, but two, Mercedes Benz automobiles to the Plaintiff. Defendant Pepe held him out to the general public as their Agent for selling automobiles. The Plaintiff received ancillary sales documents

from Defendant Mercer that were obtained from Defendant Pepe. In fact, in Defendant Pepe's cross-claim against Defendant Mercer, it alleges specific instances of misconduct committed by its employee in the sale of the automobile that serves as the basis for this action. Defendant Pepe does not deny wrongdoing by Defendant Mercer, it simply denies liability for it. This is what trials are for.

Defendant Pepe has conducted no discovery to date. Presumably the Court will extend the discovery deadline since there is no objection to that portion of the Plaintiff's Motion to Amend. Therefore, Defendant Pepe will not be prejudiced since to date, all they have done is deny the Plaintiff's claims. Their argument that this will cause them to alter their strategy seems to be a bit of a reach since it is presumed they will deny the Plaintiff's new claims as well. In any event, no trial date has yet been set, the Defendant has conducted no discovery, filed no substantive motions and cannot seriously maintain a claim of prejudice. However, if the Plaintiff was precluded from making a claim against Defendant Pepe for the actions of its Sales Manager in committing a fraud upon a consumer (who's only redress is against the company who allowed Defendant Mercer to act as its representative in the sales of high end automobiles), the Plaintiff would suffer sever and irreparable prejudice.

It is therefore respectfully submitted that the Defendant's Objection to Plaintiff's Request for Leave to Amend her Complaint be overruled.

THE PLAINTIFF,
ANN OWENS


BY:_____
ROBERT G. GOLGER
Fed Bar No. CT03116
Quatrella & Rizio, LLC
One Post Road
P.O. Box 320019
Fairfield, CT  06825
(203) 255-9928

5

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed, postage prepaid on this 5th day of December, 2003 to all counsel and pro se parties of record as follows:

Brian T. Foley, Esq.
McGovern & Associates
One Lafayette Place
Greenwich, CT  06830

Mr. James B. Mercer, III
380 Ocean Avenue
Stratford, CT  06615-7827

_____
ROBERT G. GOLGER