FILED

2004 JAN 29 A 10: 01

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANN OWENS | CASE NUMBER |
| | 303-CV-0506 (SRU) |
| Plaintiff, | |
| v. | AMENDED COMPLAINT |
| JAMES B. MERCER, III AND | |
| PEPE MOTORS CORP. | |
| Defendants | NOVEMBER 10, 2003 |

## I. INTRODUCTION

1. This is a suit brought by a consumer who has been deceived by a car dealership and one of its representatives. This action is for violation of the Federal Odometer Act, 49 U.S.C. § 32101 *et seq.*, Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, and also includes pendant state law claims for violations of New York General Business Law § 349, breach of warranty, fraud/misrepresentation and negligent hiring and/or supervision.

## II. PARTIES

2. Plaintiff, Ann Owens ("Plaintiff"), is a natural person residing in Bridgeport, Connecticut.

3. Defendant, James B. Mercer, III ("Mercer"), is a natural person residing in Stratford, Connecticut and is an employee of Pepe Motors Corp.

4. Defendant, Pepe Motors Corp. ("Pepe"), is a licensed dealer of new and used motor Vehicles, and is located in White Plains, New York.

### III. JURISDICTION

5. Jurisdiction in this Court is proper pursuant to 49 U.S.C. § 32710(b), 28 U.S.C. §§ 1331 and 1337, and Fed. R. Civ. P. 18(a).

6. Venue in this Court is proper because the Plaintiff resides in Connecticut and the Vehicle that is the subject of this action is located in Connecticut.

7. The Court has jurisdiction over the parties for the following reasons: the Plaintiff and Mercer are Connecticut residents; and Defendant Pepe Motors advertises in and solicits customers from Connecticut.

8. At all times relevant hereto, Defendant Mercer was employed by Defendant Pepe as its Sales Manager and/or Sales Agent.

9. At all times relevant hereto, Defendant Pepe held Defendant Mercer out to the general public as being an individual who had the actual and/or apparent authority to sell Mercedes Benz's to members of the general public on behalf of Defendant Pepe.

10. At all times relevant hereto, Defendant Pepe clothed Defendant Mercer in the actual and/or apparent authority to sell automobiles, transfer Certificate of Titles, register automobiles and provide Bills of Sales and other documents incident to motor Vehicles purchased through Pepe.

11. At all times relevant hereto, Defendant Mercer represented to the Plaintiff and/or the Plaintiff's husband, Howard T. Owens, that all Vehicles shown by him were owned by Pepe and had been examined and inspected by Pepe and were fit to be sold to the public in general and to the Plaintiff in particular.

12. In August of 2000 Defendant Mercer represented to the Plaintiff and/or Plaintiff's husband Howard T. Owens, that Pepe had in its stock a 1990 Model SEL Mercedes Benz (the Vehicle) that had slightly more than 60,000 miles on it and had been sold to Pepe by its original owner, an individual who lived and operated the Vehicle in Florida.

13. On or about August 10, 2000, the Plaintiff purchased the 1990 Mercedes Benz SEL from Defendant Mercer.

14. At the time the Plaintiff purchased the Vehicle, Mercer represented to the Plaintiff that she was purchasing the Vehicle from Pepe and that he was acting as its Sales Agent.

3

15. At the time the Plaintiff purchased the vehicle, Mercer represented that the Vehicle was covered by a warranty issued by Pepe.

16. Upon Plaintiff's purchase of the Vehicle, Mercer informed Plaintiff that he would take care of the paperwork for her, such as the registration and title processing.

17. Sometime in August 2000, Plaintiff received a title from Mercer listing her as the owner. The title to the Vehicle states that it was previously registered in New York.

18. Plaintiff sought the title and registration documents that Mercer submitted to the Connecticut Department of Motor Vehicles when he applied for a new title for the Vehicle. Included in the documents was a title from the State of New York.

19. Plaintiff did not see or receive the Used Car Buyer's Guide for the Vehicle that is required by 16 C.F.R. § 455.3(a), at any time before, during or after she purchased it.

## V. CLAIMS FOR RELIEF

20. Mercer never showed Plaintiff the Vehicle's title prior to or upon her purchase, which prevented her from discovering material facts about the Vehicle such as it was not a one-owner vehicle and that it was not from Florida.

21. Mercer substituted a new title certificate for the previous owner's in order to prevent Plaintiff from discovering the true history of the Vehicle, and thus failed to make the required disclosures on the title as required by the Odometer Act.

22. Mercer and Pepe knew or should have known of the requirements of the Odometer Act and its disclosure requirements and their failure to comply with the Act constituted reckless disregard for Plaintiff's rights and exhibited an intent to defraud Plaintiff.

23. Mercer and Pepe are liable to the Plaintiff for treble her damages, but in any event not less that $1,500, plus her incidental and consequential damages, pursuant to 49 U.S.C. § 32710(a), and her reasonable attorney's fees pursuant to 49 U.S.C. § 32710(b).

24. Pepe is vicariously liable for the actions of Defendant Mercer in the sale of the Vehicle.

5

## SECOND CAUSE OF ACTION
## Breach of Express Warranty

1-19.   Paragraphs 1-19 of the First Count are incorporated herein by reference and are hereby made paragraphs 1 – 19 of this the Second Count.

20.   Mercer sold Plaintiff the Vehicle with an express warranty that it had only 60,000 miles, one previous owner and that it was from Florida.

21.   These statements regarding the Vehicle were affirmations of fact that became a basis of the bargain pursuant to N.Y. Uniform Commercial Code § 2-313.

22.   The Vehicle had more than 60,000 miles and more than one previous owner and was not from Florida.

23.   Mercer and Pepe therefore breached their express warranty and are liable to Plaintiff for her damages.

24.   Pepe is vicariously liable for actions of Defendant Mercer in the sale of the Vehicle.

## THIRD CAUSE OF ACTION
## Magnuson-Moss Federal Warranty Act

1-24.   Paragraphs 1-24 of the Second Count are incorporated herein by reference and are hereby made paragraphs 1 – 24 of this the Third Count.

6

25. The Vehicle is a consumer product, as that term is defined is § 2301(1) of the Magnuson-Moss Federal Warranty Act (15 U.S.C. §§ 2301-2312), and was manufactured after July 4, 1975.

26. Plaintiff is a consumer, as that term is defined in §2301(3) of Magnuson-Moss.

27. Pepe is a warrantor, as that term is defined in § 2301(5) of Magnuson-Moss.

28. Pepe failed to comply with its obligation under the express warranty and the implied warranty of merchantability, and it is liable to the Plaintiff for her damages, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 2310(d).

### FOURTH CAUSE OF ACTION
### Fraud/misrepresentation

1-28. Paragraphs 1-28 of the Third Count are incorporated herein by reference and are hereby made paragraphs 1 – 28 of this the Fourth Count.

29. Mercer represented to Plaintiff that the Vehicle had only 60,000 miles, one previous owner and came from Florida.

30. Mercer knew or should have known that the Vehicle had had more than one previous owner and had been registered in other states, and made the statements with knowledge they were false or in reckless disregard for the truth.

31. Mercer made the false statement about the Vehicle's history in order to induce the Plaintiff to purchase the Vehicle.

32. Plaintiff relied upon Mercer's representations when she purchased the Vehicle.

33. Plaintiff has suffered damages as a result of Mercer's false representations.

34. Defendant Pepe is vicariously liable for the false representations made by Defendant Mercer.

### FIFTH CAUSE OF ACTION
### Violation of New York General Business Law § 349

1-34. Paragraphs 1-34 of the Fourth Count are incorporated herein by reference and are hereby made paragraphs 1-34 of this the Fifth Count.

35. Mercer and Pepe violated New York General Business Law § 349 ("Sec. 349") by knowingly and willfully engaging in unfair and deceptive conduct in the course of business with Plaintiff.

36. Mercer and Pepe's acts as aforedescribed were unfair, immoral, unethical, oppressive and unscrupulous as such as to cause substantial injury to consumers, in particular, Plaintiff.

37. Mercer and Pepe have committed other unfair acts and practices in trade or commerce for which Plaintiff has suffered harm, including but not limited to:

    a. Failing to abide by its express warranties regarding the Vehicle's history;

    b. Violating the provisions of the Federal Odometer Act;

    c. Engaging in false advertising by misrepresenting the history of the Vehicle, in violation of New York General Business Law § 350, a *per se* violation of Sec. 349;

    d. Permitting Mercer to conduct independent sales of vehicles from its facility that are not part of Pepe's inventory; and,

    e. Failing to provide Plaintiff with a Use Car Buyer's Guide pursuant to 16 C.F.R. § 455.3(a).

38. The Plaintiff has suffered harm as a result of Mercer's and Pepe's violations of Sec. 349. Specifically, the Plaintiff has paid approximately $22,500 plus tax, license and registration fees for a Vehicle that was valued at a

substantially lower amount than what she paid, and that she likely would not have purchased but for Mercer's fraud.

39. Mercer and Pepe are liable to Plaintiff for her loss, and in addition, for punitive damages at the Court's discretion.

40. Defendant Pepe is vicariously liable for Defendant Mercer's actions.

## SIXTH CAUSE OF ACTION
### Negligent Hiring and/or Supervision

1-40. Paragraphs 1-40 of the Fifth Count are incorporated herein by reference and are hereby made paragraphs 1-40 of this the Sixth Count.

41. At all times relevant hereto Defendant Pepe exercised exclusive control over who it hired and retained to represent Pepe as its Sales Manager and/or Sales Agent.

42. That Defendant Pepe was under a duty to the Plaintiff to review and investigate the credentials and backgrounds of the employees it hires to sell automobiles to the general public as well as to supervise their conduct when engaged in the sales of automobiles.

43. Sometime prior to August 2000 Defendant Pepe hired and/or selected Defendant Mercer to represent it as its Sales Manager/Sales Agent.

44. Defendant Pepe breached its duty to the Plaintiff and was negligent in its hiring, supervision and retention of Defendant Mercer as its Sales Manager/Sales Agent in that:

    a. Defendant Pepe failed to conduct a criminal background investigation of Defendant Mercer.

    b. Defendant Pepe failed to check all references supplied by Defendant Mercer during the job application process.

    c. Defendant Pepe failed to require the Defendant to provide the names and addresses of all employers for which he sold automobiles for in a ten-year period.

    d. Defendant Pepe failed to investigate the existence of complaints filed against Defendant Mercer prior to hiring him to be its Sales Manager and/or Sales Agent.

    e. Defendant Pepe either knew or should have known of the fact that Defendant Mercer had been engaged in criminal conduct prior to accepting employment from Pepe.

    f. Defendant Pepe either knew or should have known that Defendant Mercer was engaged in criminal and/or unethical and

unscrupulous conduct while employed by Defendant Pepe yet failed to discover and/or remedy the same.

45. As a result of Defendant Pepe's failure to conduct a proper background investigation the Defendant Mercer, and to adequately supervise Mercer, Defendant Pepe failed to discover that it had hired as its Sales Manager/Sales Agent an individual who had been the subject of numerous consumer complaints and had been convicted of the felony charge of Theft by Deception and was engaged in illegal and/or improper conduct while employed by Defendant Pepe.

46. That as a result of Defendant Pepe's negligence and carelessness as set forth above, the Plaintiff suffered damages.

WHEREFORE, the Plaintiff prays that upon final judgment she recovers treble damages pursuant to 49 U.S.C. § 277110(a), attorney's fees pursuant to 49 U.S.C. § 32710(b) and 15 U.S.C. § 2310(d) and punitive damages, monetary damages and such additional and further relief to which the Plaintiff may be entitled.

                                                                                         THE PLAINTIFF,
Ann Owens

BY: _____
ROBERT G. GOLGER
Fed Bar No. CT03116
Quatrella & Rizio, LLC
One Post Road
P.O. Box 320019
Fairfield, CT 06825
(203) 255-9928

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid on this 10th day of November, 2003 to all counsel and pro se parties of record as follows:

Brian T. Foley, Esq.
McGovern & Associates
One Lafayette Place
Greenwich, CT  06830

Daniel S. Blinn, Esq.
Consumer Law Group, LLC
P.O. Box 1039
2138 Silas Deane Highway
Rocky Hill, CT  06067-9997

Mr. James B. Mercer, III
380 Ocean Avenue
Stratford, CT  06615-7827

_____
ROBERT G. GOLGER