United States District Court
District of Connecticut
FILED AT BRIDGEPORT
1/27/04 20
Kevin F Rowe, Clerk
By_____
Deputy Clerk

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANN OWENS | : | CASE NUMBER |
| | : | 303-CV-0506 (SRU) |
| Plaintiff, | : | |
| | : | |
| v. | : | 26(f) REPORT OF PARTIES' |
| | : | PLANNING MEETING |
| JAMES B. MERCER, III AND | : | |
| PEPE MOTORS CORP. | : | |
| | : | |
| Defendant | : | OCTOBER 23, 2003 |

### PROPOSED AMENDED RULE 26(f) REPORT

Date Complaint Filed:    March 21, 2003

Date Complaint Served:    Both Defendants were served on March 29, 2003.

Date of Plaintiff's Appearance:    Robert G. Golger appeared for Ann Owens on October 23, 2003.

Date of Defendants' Appearances:    Brian T. Foley appeared for the Defendant, Pepe Motors Corp. ("Pepe"), on April 10, 2003. The Defendant, James B. Mercer, III ("Mercer"), has not appeared.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, a conference was held on May 19, 2003. The participants were:

Sarah Poriss for the Plaintiff Ann Owens.

Brian T. Foley for the Defendant, Pepe Motors Corp.

**I.      Certification**

Undersigned counsel certify that, after Consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of their report to their clients.

**II.     Jurisdiction**

    A.   Subject Matter Jurisdiction: Jurisdiction in this Court is proper.

    B.   Personal Jurisdiction: The Plaintiff and Mercer are Connecticut residents; and Defendant Pepe Motors concedes jurisdiction.

**III.    Brief Description of Case**

    A.   Claims of Plaintiff: Plaintiff claims violations of the Odometer Act, in that Defendant Mercer prevented her from discovering the history of

the vehicle by not showing her the title and substituting a new title certificate for the previous owner's: Breach of Warranty in that Mercer made false express warranties about the vehicle; Magnuson-Moss Warranty Act, in that Pepe Motors failed to comply with its obligations under the express warranty and the implied warranty of merchantability; fraud in that Mercer made the false statements about the Vehicle's history in order to induce Plaintiff to purchase the Vehicle; and New York General Business Law § 349, in that Mercer's and Pepe's acts constitute unfair and deceptive practices for which they are liable to Plaintiff for her damages.

B.  Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendant: Cross claims by Pepe Motors against Mercer on various legal theories stemming, *inter alia*, from Mercer's unauthorized actions regarding the transactions which were unknown to Pepe Motors.

C.  Defenses and Claims of Third Party Defendant(s):  Not applicable.

IV. **Statement of Undisputed Facts:**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that at this time, they are unable to stipulate to any material facts that are not in dispute.

V. **Case Management Plan:**

 A. <u>Standing Order of Scheduling in Civil Cases</u>

 Not applicable.

 B. <u>Scheduling Conference with the Court</u>

 The parties do not request a pretrial conference with the Court before entry of a Scheduling Order pursuant to Fed. R. Civ. P. 16(b). The parties prefer a conference by telephone.

 C. <u>Early Settlement Conference</u>

  1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice Settlement may be enhanced by use of the following procedure: an early settlement conference.

  2. The parties request any early settlement conference.

3.  The parties prefer a settlement conference with a magistrate judge.

4.  The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D.  Joinder of Parties and Amendment of Pleadings

1.  Plaintiff should be allowed until June 15, 2003 to file motions to join additional parties and until December 1, 2003 to file motions to amend the pleadings.

2.  Defendant(s) should be allowed until July 15, 2003 to file motions to join additional parties and until January 1, 2004 to file a response to the complaint, if not done so already.

E.  Discovery

1.  The parties anticipate that discovery will be needed on the following subjects: any and all documentation relating to Vehicle and the facts surrounding the subject transaction.

2.  All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by November 15, 2003 and completed (not propounded) by March 15, 2004.

3. Discovery will not be conducted in phases.

4. The parties anticipate that the Plaintiff will require a total of 3 depositions of fact witnesses and that Pepe Motors will require a total of 4 depositions of fact witnesses. The depositions will commence by November 15, 2003 and be completed by March 15, 2004.

5. The parties reserve the right to request permission to serve more than 25 interrogatories.

6. Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts, if any, and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 1, 2003. Depositions of any such experts will be completed by March 3, 2004.

7. Defendant intends to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 15, 2003. Depositions of such experts will be completed by March 15, 2004.

8. A damages analysis will be provided by any party who has a claim or counterclaim for damages by March 15, 2004.

F. <u>Dispositive Motions</u>

Dispositive motions will be filed on or before May 15, 2004.

G. <u>Joint Trial Memorandum</u>

The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by May 1, 2004.

**TRIAL READINESS**

The case will be ready for trial by thirty (30) days from submission of the joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote a just, speedy and inexpensive determination of this action.

THE PLAINTIFF, ANN OWENS

BY: _____          DATE: _10-23-03_
ROBERT G. GOLGER
Fed Bar No. CT03116
Quatrella & Rizio, LLC
One Post Road
P.O. Box 320019
Fairfield, CT  06825
(203) 255-9928

THE DEFENDANT, PEPE MOTORS CORP.

BY: _____
Brian T. Foley, Esq., ct06432
McGovern & Associates
One Lafayette Place
Greenwich, CT  06830